An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

VERONICA GABRIELLE,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE WILLIAM S.
POTTER, DISTRICT JUDGE,
Respondents,
and
FRANCISCO JOSE MERCHAN ROCHA,
Real Party in Interest.

No. 66762

FILED

OCT 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER GRANTING PETITION*
*FOR WRIT OF PROHIBITION AND WRIT OF MANDAMUS*

This is an emergency petition for a writ of mandamus and prohibition seeking to interdict a district court order directing the return of the parties' child to real party in interest in Colombia.

This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Whether to consider a writ petition is within this court's sole discretion. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-36123

Having considered the parties' arguments and the documents before this court, we conclude that a writ of prohibition is warranted. NRS 34.320; *Smith*, 107 Nev. at 677, 818 P.2d at 851. Specifically, from the limited documents provided by petitioner, it appears that before filing this action in district court, real party in interest filed an action in the United States District Court seeking the same relief, the return of the child. That action is still pending. Because the two actions are substantially similar in that real party in interest is seeking the return of the child in both actions, albeit through different legal means, the district court exceeded its jurisdiction by entertaining this action without first considering whether it would be appropriate to proceed in accordance with the first-to-file rule. NRS 34.320. The first-to-file rule provides that "where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002). The two actions need not be identical, only substantially similar. *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006).

Here, it appears that motion practice seeking substantially the same relief as was sought in this matter is pending, unresolved, in the United States District Court. Given the incomplete record presented, we cannot say that the United States District Court is not currently considering the very relief we are being asked to give. Under these circumstances, our state district court abused its discretion in entering the October 2, 2014, order without staying the matter pending determination by the United States District Court of the motions pending there and whether this action may appropriately proceed without creating

conflict between the two courts. *See Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613 CW, 2007 WL 484789 (N.D. Cal. Feb. 9, 2007) (explaining that if two matters appear substantially similar, the court of the later-filed action should defer to the jurisdiction of court of the first-filed action to evaluate similarity and determine how to proceed). For these reasons, we grant the petition for a writ of prohibition against the October 2, 2014, order and, further, issue a writ of mandamus directing the district to proceed as outlined herein.

ORDER the petition for a writ of prohibition and mandamus GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION instructing the district court to vacate its October 2, 2014, Order for Return of Minor Child and TO ISSUE A WRIT OF MANDAMUS instructing the district court to stay this action until the U.S. District Court has resolved the pending motion.

_____, J.
Pickering

_____, J.
Parraguirre


SAITTA, J., concurring in part and dissenting in part:

I write separately because while I concur with my colleagues that the district court's October 2, 2014, Order for Return of Minor Child should be vacated, I disagree that prohibition relief is warranted here. I would vacate the order through a writ of mandamus.

Based on the documents before us, it appears that there is a Colombian custody order in effect providing real party in interest with

SUPREME COURT
OF
NEVADA

(O) 1947A

custody of the child. The district court has jurisdiction to enforce the Colombian custody order. *See* NRS 125A.475 (allowing a court of this state to enforce a custody order of another state); *and* NRS 125A.225 (providing that a foreign country shall be treated as a state of the United States for the purposes of NRS Chapter 125A). Additionally, the Ninth Circuit Court of Appeals has concluded that a party is not barred from filing a custody action in state court under state law while another action is pending in federal court regarding the return of the child under the Hague Convention. *See Holder v. Holder*, 305 F.3d 854, 863 (9th Cir. 2002) (explaining that a parent has a right to pursue the return of his or her children through multiple legal avenues). Because the district court did not exceed its jurisdiction here, a writ of prohibition is not warranted. NRS 34.320.

Nevertheless, the district court acted arbitrarily and capriciously in ordering the return of the child when the United States District Court order did not explicitly provide for the return of the child and when there is a motion pending before the United States District Court for an order directing the return of the child. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (providing that a writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion). Although the district court has jurisdiction to enforce the Colombian custody order, any district court order directing the return of the child before the United States District Court resolves the motion pending before it, and specifically orders the return of the child to real party in interest, is an arbitrary and capricious abuse of the district court's discretion which

warrants the issuance of a writ of mandamus. NRS 34.160; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558.

For these reasons, I would issue a writ of mandamus instructing the district court to vacate its October 2, 2014, Order for Return of Minor Child.

_____, J.
Saitta

cc:    Hon. William S. Potter, District Judge, Family Court Division
Veronica Gabrielle
McFarling Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A